ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| STERLING NIEVES ROMÁN<br><br>Apelante<br><br>v.<br><br>MUNICIPIO DE AGUADILLA REPRESENTADO POR EL HONORABLE ALCALDE JULIO ROLDÁN CONCEPCIÓN; ESTADO LIBRE ASOCIADO A TRAVÉS DEL SECRETARIO DE JUSTICIA DOMINGO ENMANUELLI; DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES REPRESENTADO POR EL HONORABLE RICARDO LÓPEZ ORTIZ; AUTORIDAD DE LOS PUERTOS REPRESENTADO POR EL HONORABLE JOEL PIZA BATIZ; MAPFRE PRAICO INC.; SEGUROS TRIPLE S PROPIEDAD; COMPAÑÍAS DE SEGUROS ABC; JOHN DOE; JANE DOE<br><br>Apelados | KLAN202400824 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm.<br>AG2022CV01168<br><br>Sobre:<br>DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de marzo de 2025.

Comparece Sterling Nieves Román ("señor Nieves Román" o "Apelante"), mediante *Apelación Civil* y solicita que revoquemos la *Sentencia Parcial* emitida el 1 de marzo de 2024 y notificada el 4 de marzo de 2024, por el Tribunal de Primera Instancia, Sala de Aguadilla ("TPI"). Mediante el referido dictamen, el TPI desestimó la demanda sobre daños y perjuicios instada por el Apelante en contra del Estado Libre Asociado de Puerto Rico ("ELA" o "Apelado"), por dejar de exponer una reclamación que justifique la concesión de un remedio.

Por los fundamentos que expondremos a continuación, se *Revoca* la *Sentencia Parcial* apelada.

**I.**

El 10 de agosto de 2022, el señor Nieves Román presentó una *Demanda* sobre daños y perjuicios en contra del Municipio de Aguadilla ("Municipio"), el ELA, por sí y en representación del Departamento de Recursos Naturales y Ambientales ("DRNA"), la Autoridad de Puertos y sus aseguradoras. El Apelante señaló que, el 16 de agosto de 2014, a sus catorce (14) años, sufrió daños al tirarse de un muelle abandonado, ubicado en la playa *Crash Boat* ubicada en el Municipio de Aguadilla. Adujo que, los daños fueron ocasionados por la negligencia de los codemandados. En lo aquí pertinente, sostuvo que, por información y creencia, el DRNA era dueño del muelle y, como resultado, venía obligado a tomar medidas para evitar accidentes como el de autos.

Tras varios trámites procesales, el 7 de noviembre de 2022, el 7 de diciembre de 2022 y el 13 de febrero de 2023, Triple S Propiedad, el Municipio y la Autoridad de Puertos, de manera respectiva, notificaron sus alegaciones responsivas.

Posteriormente, el 11 de diciembre de 2023, el ELA instó una *Moción de Desestimación*, en virtud de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2. El Apelado arguyó que, el muelle situado en la playa *Crash Boat* no era propiedad del DRNA. Para sustentar dicha alegación, el ELA presentó dos (2) certificaciones, preparadas por funcionarios del DRNA, a saber: (1) *Certificación de la División de Bienes Inmuebles de la Secretaría Auxiliar de Administración del DRNA*; y (2) *Certificación de Titularidad del Negociado de Permisos del DRNA*.

El 19 de diciembre de 2023, el señor Nieves Román presentó una *Réplica a Moción de Desestimación presentada por el Estado Libre Asociado*. En síntesis, expuso que, según el mapa del CRIM el lote identificado con el número de catastro 023-024-523-58-000 le pertenecía al ELA, contrario a lo sostenido por las certificaciones del DRNA. Así dispuesto, arguyó que tal incongruencia era suficiente para denegar la solicitud de desestimación y permitirle llevar a cabo el descubrimiento de prueba, con la intención de

conocer quién verdaderamente tenía bajo su custodia y control la playa *Crash Boat* y el muelle situado en esta.

Consecuentemente, el 12 de enero de 2024, el foro de instancia dictó una *Resolución y Orden,* para que el ELA expresara su posición sobre la incongruencia señalada por el señor Nieves Román.

En cumplimiento, el 26 de enero de 2024, el Apelado notificó una *Dúplica sobre Moción de Desestimación y en cumplimiento de Resolución y Orden.* El ELA arguyó que, el señor Nieves Román utilizó el número de catastro 023-024-523-58 como punto de referencia por ser el predio más cercano al muelle. Señaló, además, que, conforme surgía del mapa del CRIM, el muelle donde ocurrieron los hechos no formaba parte del predio de terreno identificado por el Apelante.

El TPI dictaminó una *Sentencia Parcial,* emitida el 1 de marzo de 2024 y notificada el 4 de marzo de 2024. Mediante el referido dictamen, el foro primario, concluyó que el muelle en controversia no se encontraba bajo la autoridad del DRNA y que la agencia tampoco había concedido un permiso para su uso y aprovechamiento. Por consiguiente, declaró *Ha Lugar* la solicitud de desestimación instada por el Apelado y desestimó la demanda presentada en contra del ELA y el DRNA.

Inconforme, el 19 de marzo de 2024, el señor Nieves Román presentó una *Moción donde se solicita Reconsideración de la Sentencia emitida a favor del ELA.* Por otra parte, el 9 de abril de 2024, el ELA notificó una *Réplica a Moción de Reconsideración.* El TPI denegó la reconsideración solicitada, mediante *Resolución*, notificada el 7 de agosto de 2024.

Insatisfecho aún, el 6 de septiembre de 2024, el señor Nieves Román acudió ante esta Curia mediante *Apelación Civil.* El Apelante realizó los siguientes señalamientos de errores:

> **Cometió error el TPI al declarar *Ha Lugar* la solicitud de desestimación del Estado Libre Asociado a base de unas certificaciones presentadas que son *self serving* y sobre las cuales no se pudo hacer descubrimiento de prueba.**

> **Cometió error el TPI al declarar *Ha Lugar* la solicitud de desestimación del Estado Libre Asociado cuando la demanda podía ser enmendada.**

**Cometió error el TPI al declarar *Ha Lugar* la solicitud de desestimación del Estado Libre Asociado indicando que los hechos en la demanda no fueron bien alegados.**

**Cometió error el TPI al declarar *Ha Lugar* la solicitud de desestimación del Estado Libre Asociado y tratarla como si fuera una solicitud de sentencia sumaria cuando no cumplía con los requisitos establecidos en la Regla 36 de Procedimiento Civil.**

El 16 de octubre de 2024, el ELA presentó una *Moción en Solicitud de Orden*. El Apelado expresó que, a base de el "*Puerto Rico Overgsight, Management, and Economic Stability Act*" ("Ley PROMESA"), el Apelante venía obligado a presentar en el Caso de Título III un *proof of claim*. Por tanto, nos solicitó que, devolviéramos el pleito de epígrafe al foro de instancia para que el señor Nieves Román evidenciara si presentó el referido *proof of claim*.

Por su parte, el 12 de noviembre de 2024, el Apelante presentó su oposición a la solicitud de orden. En su escrito, el señor Nieves Román arguyó que, el ELA no podía levantar la controversia ante esta Curia, ya que la controversia sobre el *proof of claim* no fue discutido ante el foro de instancia. A su vez, admitió que nunca presentó el *proof of claim* ante el Tribunal de Quiebras.

El 14 de noviembre de 2024, dictaminamos una *Resolución,* a través de la cual denegamos la solicitud de orden instada por el ELA, por entender que no poseíamos jurisdicción para atender el asunto, toda vez que no fue levantado ante el TPI.

Insatisfecho con nuestro dictamen, el 2 de diciembre de 2024, el Apelado presentó una solicitud de reconsideración. A su vez, el ELA arguyó que, ante la admisión del Apelante sobre la falta de presentación del *proof of claim*, procedía la devolución de la controversia, con la intención de que el foro de instancia desestimara el caso de marras.

El 9 de diciembre de 2024, el señor Nieves Román notificó su *Réplica a Moción de Reconsideración presentada por el Estado Libre Asociado*. En esta, adujo que, para la fecha límite de radicar el *proof of claim* carecía de capacidad jurídica para presentarlo, por ser menor de edad. Así las cosas,

denegamos la solicitud de reconsideración instada por el ELA, mediante *Resolución* dictada el 28 de enero de 2025.

El 18 de febrero de 2025, el ELA presentó su alegato en oposición. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

Nuestro esquema procesal no exige requisitos complicados para la redacción de una acción judicial. *Rivera Candela v. Universal Insurance Company,* 2024 TSPR 99, 214 DPR ___ (2024); *León Torres v. Rivera Lebrón,* 204 DPR 20, 40 (2020). A esos fines, la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, regula los elementos concernientes a las alegaciones, a saber: (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán, también, ser solicitados remedios alternativos o de diversa naturaleza. 32 LPRA Ap. V, R. 6.1.

Basta redactar una información inicial escueta de los hechos pues las alegaciones serán ampliadas "como resultado de los procedimientos posteriores de descubrimiento de prueba". *Rivera Candela v. Universal Insurance Company, supra* (citando a J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño,* 3a ed. rev., Bogotá, Ed. Nomos, S.A., 2023, pág. 92). Lo esencial es notificar a la parte adversa, a grandes rasgos, sobre cuáles son las reclamaciones en su contra para que pueda comparecer si así lo desea. *Torres, Torres v. Torres et al.,* 179 DPR 481, 501 (2010); *Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569-570 (2001).

No obstante, cuando la reclamación judicial instada carezca de alegaciones específicas o suficientes, la parte adversa tiene el derecho de solicitar la desestimación a tenor con la Regla 10.2(5) de Procedimiento Civil, *supra,* 32 LPRA Ap. V, R. 10.2(5). Véase, también, *Eagle Security v. Efrón Dorado,* 211 DPR 70, 83 (2023). En específico, el precitado inciso reglamentario dispone que procede la desestimación por dejar de exponer

una reclamación que justifique la concesión de un remedio. 32 LPRA Ap. V, R. 10.2(5). Ahora bien, como norma general, no procede la desestimación salvo se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012).

En estos casos, el tribunal tiene el deber de interpretar las alegaciones de manera conjunta y liberalmente a favor de la parte demandante para facilitar el amparo judicial. *Eagle Security v. Efrón Dorado, supra*, pág. 85. Particularmente le compete "ponderar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para establecer una reclamación válida". Íd. Ello evita que un litigante quede privado de su día en corte, que es una medida procedente solo en casos extremos. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 213 DPR 523, 534 (2024); *Rosario v. Nationwide Mutual*, 158 DPR 775, 780 (2003).

Conviene señalar que, el Tribunal Supremo de Puerto Rico en *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 397 (2022), discute el examen aplicable a las mociones fundamentadas en la insuficiencia de las alegaciones:

> [A]l interpretar de manera conjunta las citadas Reglas 6.1 y 10.2, podemos colegir que cuando se pretende desestimar la totalidad de una demanda que solicita remedios alternativos, se debe examinar si las alegaciones sustentan la concesión de dichos remedios. Es decir, como las alegaciones pretenden bosquejar las distintas reclamaciones y proveer a cada una de ellas unos remedios, una moción de desestimación sobre la totalidad de la demanda debe mover la conciencia del juzgador a concluir que, si al dar por cierto las alegaciones bien hechas, no existe remedio al que la parte tenga derecho. El juzgador deberá auscultar, en ese sentido, si la parte demandante no tiene derecho alguno a que se ventile el pleito, ya sea al amparo del remedio principal o del alternativo.

Una vez el juzgador analice ponderadamente que, de manera principal o en la alternativa, no existe remedio alguno en derecho, se encontrará en posición para decidir si desestima total o parcialmente una demanda. *Comisión v. González Freyre et al.*, 211 DPR 579, 615 (2023). Si luego

comprende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la acción judicial, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se probarán las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros, supra,* pág. 534, citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6.a ed., San Juan, Ed. LexisNexis, 2017, pág. 307. En cambio, si concluye que las alegaciones no cumplen con el estándar de suficiencia le corresponde denegar la petición de desestimación.

**-B-**

El descubrimiento de prueba es un mecanismo auxiliar a las alegaciones que facilita la consecución de evidencia y la búsqueda de la verdad, evita las sorpresas en el juicio y perpetúa la prueba; su finalidad es precisar las cuestiones en controversia. *García Rivera et al. v. Enríquez Marín,* 153 DPR 323, 333 (2001). Aunque de ordinario el descubrimiento de prueba ocurre sin intervención del tribunal, los foros primarios gozan de amplia discreción para regularlo. *McNeil Healthcare, LLC v. Mun. de las Piedras,* 206 DPR 659, 672 (2021). Los foros apelativos no debemos intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto. *Íd.*

Así dispuesto, el descubrimiento de prueba debe ser amplio y liberal. *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 490 (2019); *Rivera Alejandro v. Algarín,* 112 DPR 830, 834 (1982). De conformidad con lo anterior, la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 23.1 (a), establece, en lo aquí atinente, que:

> (a) *En general.* Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

De la regla precitada surge que el descubrimiento de prueba solo está limitado a dos aspectos: (1) que lo que se pretende descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia. *Scotiabank de Puerto Rico v. ZAF Corporation*, supra; *E.L.A. v. Casta,* 162 DPR 1, 9 (2004). Materia privilegiada es aquella que se encuentra dentro del alcance de alguno de los privilegios evidenciarios reconocidos en las Reglas de Evidencia. *Ponce Adv. Med. v. Santiago González,* 197 DPR 891, 899 (2017); *E.L.A. v. Casta,* 162 DPR 1, 10 (2004).

De otra parte, el concepto pertinencia conlleva el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del litigio, aunque no estén relacionados con las controversias específicas que han sido esbozadas en las alegaciones. *García Rivera et al. v. Enríquez Marín, supra,* págs. 333-334. Basta con que exista una posibilidad razonable de relación con el asunto en controversia para que se considere pertinente. *Íd.* Lo anterior quiere decir que, tal cual lo expresa la Regla 23.1 (a) de Procedimiento Civil, el descubrimiento de prueba permite la entrega de materia que sería inadmisible en el juicio, si ésta conduce a prueba admisible. *Íd.*

No obstante, lo anterior no significa que el ámbito del descubrimiento de prueba sea ilimitado. *Alfonso Bru. V. Trane Export, Inc.,* 155 DPR 158 (2001). El concepto pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales, esto es, lograr la solución de las controversias de forma justa, rápida y económica. *Ortiz Rivera v. E.L.A.,* 125 DPR 65, 70 (1989); *General Electric Credit & Leasing of P.R. Inc. v Concessionaires, Inc.,* 118 DPR 32, 40 (1986). Es por ello que, aun cuando la materia objeto del descubrimiento sea pertinente, el tribunal puede emitir órdenes dirigidas a proteger a las partes o terceros de hostigamiento, perturbación, opresión y gastos o molestias indebidas. *Ortiz Rivera v. E.L.A., supra,* págs. 70-71.

**-C-**

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, establece el trámite procesal para enmendar las alegaciones de una demanda. A esos efectos, la referida regla dispone lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad.

En otras palabras, una vez que las partes han intercambiado alegaciones, solamente podrán enmendarlas con el consentimiento escrito de la parte contraria o con el permiso del tribunal. Ahora bien, la facultad para conceder permiso para enmendar las alegaciones debe ejercerse liberalmente. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 198 (2012), citando a *S.L.G. Font Bardón v. Mini-Warehouse,* 179 DPR 322, 334 (2010); *Cruz Cora v. UCB/Trans Union P.R. Div.*, 137 DPR 917, 922 (1995).

Por otro lado, en nuestro ordenamiento existe una política judicial de que los casos se ventilen en sus méritos. *Colón Rivera v. Wyeth Pharm.*, *supra*. Como corolario, los tribunales poseen amplia facultad discrecional para permitir enmiendas a una demanda, aun en etapas avanzadas del procedimiento. *Íd.*; *Pérez Cruz v. Hosp. La Concepción*, 115 DPR 721, 737 (1984). No obstante, tal facultad discrecional quedará sujeta al análisis de los siguientes criterios: "(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *Colón Rivera v. Wyeth Pharm.*, *supra,* citando a *S.L.G. Sierra v. Rodríguez,* 163 DPR 738, 748 (2005).

**III.**

Los errores primero, segundo y tercero serán discutidos de manera conjunta, por este haber sido el proceder de las partes. En síntesis, mediante los referidos errores, el Apelante arguye que la desestimación en

virtud de la Regla 10.2 (5) de Procedimiento Civil, *supra*, era improcedente. Particularmente, el señor Nieves Román sostiene que el foro apelado venía obligado a permitir el descubrimiento de prueba solicitado por este, ya que las certificaciones presentadas por el DRNA eran declaraciones *self serving*, cuyo contenido no fue corroborado. A su vez, expresa que los hechos en la *Demanda* sí fueron bien alegados, contrario a lo determinado por el TPI. Alega, además, que la demanda no debía ser desestimada porque las alegaciones podían ser enmendadas.

Conforme surge del expediente, en respuesta a la solicitud de desestimación, el Apelante señaló que, al tomar como ciertos todos los hechos bien alegados en la demanda, el foro de instancia no debía desestimar la reclamación en contra del ELA. De igual modo, el señor Nieves Román adujo que las certificaciones preparadas por los funcionarios del DRNA, las cuales certificaron que el muelle no se encontraba bajo la jurisdicción del DRNA, no eran suficientes para desestimar la causa de acción instada en su contra. Aún más, expuso que, en el mapa del CRIM, el lote de terreno en controversia aparecía registrado a nombre del DRNA. Como corolario, el Apelante peticionó que se denegara la desestimación solicitada por el ELA y que se le permitiera llevar a cabo el descubrimiento de prueba, con la intención de determinar quién tenía control del lugar donde ocurrieron los hechos.

Sin embargo, el TPI determinó que, los documentos presentados por el ELA, en apoyo a su solicitud de desestimación, evidenciaron que el muelle no se encontraba bajo la titularidad del DRNA. Asimismo, concluyó que las alegaciones formuladas en la *Demanda* en contra del DRNA no eran hechos bien alegados. Así las cosas, declaró *Ha Lugar* la desestimación solicitada por el ELA.

Ahora bien, nuestro ordenamiento requiere que, al considerar una moción de desestimación bajo la Regla 10.2 (5) de Procedimiento Civil, *supra*, el juzgador deberá tomar como ciertos todos los hechos bien alegados en la demanda. Luego de realizar dicho análisis, únicamente procederá la

desestimación de la causa de acción cuando el foro primario determine que el demandante no tiene derecho a remedio alguno. A su vez, recordemos que, en la demanda, basta redactar una información inicial escueta de los hechos, pues las alegaciones serán ampliadas "como resultado de los procedimientos posteriores de descubrimiento de prueba". *Rivera Candela v. Universal Insurance Company, supra.* Nuestro más Alto Foro ha enfatizado que el descubrimiento de prueba debe ser uno amplio y liberal. *Scotiabank de Puerto Rico v. ZAF Corporation, supra*; *Rivera Alejandro v. Algarín, supra.* De tal modo que, el descubrimiento de prueba facilita la consecución de evidencia y la búsqueda de la verdad. *García Rivera et al. v. Enríquez Marín, supra.*

Tomando como ciertos todos los hechos de la *Demanda*, constatamos que, de la misma surge que, por información y/o creencia del señor Nieves Román, el DRNA y la Autoridad de los Puertos eran los dueños del muelle donde ocurrieron los hechos. Entendemos que, tal alegación, en conjunto con el hecho de que no se ha celebrado un descubrimiento de prueba que corrobore la veracidad de las certificaciones preparadas por el DRNA, era suficiente para denegar la solicitud de desestimación. Al momento, se desconoce quién tiene control sobre el muelle situado en la playa *Crash Boat*. Por todo lo cual, somos del criterio que, el foro de instancia erró al desestimar la causa de acción, por dejar de exponer una reclamación que amerite la concesión de un remedio.

Finalmente, mediante su cuarto señalamiento de error, el señor Nieves Román alega que el foro de instancia acogió la moción de desestimación como una solicitud de sentencia sumaria, incumpliendo así con la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. Examinada la *Sentencia Parcial*, a la luz del derecho aplicable, no encontramos razón para sostener la comisión del referido error. El TPI, en ningún momento, acogió de manera expresa o *sub silentio* la moción de desestimación como una solicitud de sentencia sumaria.

## IV.

Por los fundamentos que anteceden, se *Revoca* la *Sentencia* apelada. Se devuelve al foro de instancia para que se lleve a cabo el descubrimiento de prueba correspondiente.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Álvarez Esnard concurre sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones